# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Christopher Austin Stinecipher<br>    Plaintiff,<br><br>v.<br><br>Maine Department of Public Safety,<br>    and<br><br>Michael J. Sauschuck, in his official capacity as Commissioner of the Maine Department of Public Safety,<br>    Defendants. | Civil Action No.<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Christopher Austin Stinecipher files this Complaint for Declaratory and Injunctive Relief against Defendants the Maine Department of Public Safety and Michael J. Sauschuck, in his official capacity as Commissioner of the Department of Public Safety (collectively, the "State"), as follows:

### SUMMARY OF CLAIM

1. This action challenges the constitutionality of 32 M.R.S. § 8107, which requires applicants for a Maine professional investigator license to obtain certifications from Maine residents.

2. Plaintiff is a licensed private investigator in good standing in South Carolina. He seeks to relocate his residence and business to Maine.

3. Section 8107 operates as a residency-based barrier to entry into the profession of private investigation in Maine. Because Plaintiff does not yet reside in

25446971.1

Maine and therefore does not yet know Maine residents willing or able to provide the required certifications, he is constructively barred from licensure.

4. The residency-based certification requirement violates the Dormant Commerce Clause of the United States Constitution.

5. Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983. The Court should enjoin the State from requiring certifications from Maine residents as a condition for awarding professional investigator license in Maine.

## PARTIES AND JURISDICTION

6. Plaintiff Christopher Austin Stinecipher currently resides in South Carolina, where he has been a licensed private investigator for 5 years. He intends to relocate to Maine and to apply for a private investigator license in this state.

7. The Chief of the State of Police is charged with issuing private investigator licenses in Maine. The Maine State Police is a bureau located within the Department of Public Safety.

8. Michael J. Sauschuck is the Commissioner of the Department of Public Safety.

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## SECTION 8107 IS UNCONSTITUTIONAL

10. Maine regulates private investigators under the Professional Investigators Act, 32 M.R.S. §§ 8101-8124.

11. The purpose of the Act is to regulate any person, firm, corporation or other legal entity engaged in the business of private investigation. 32 M.R.S. § 8102.

25446971.1

12.     A person may not act as a professional investigator without first obtaining from the chief a license to be a professional investigator or investigative assistant. 32 M.R.S. § 8104(1).

13.     To be licensed as a professional investigator, an applicant must meet certain qualifications. *See* 32 M.R.S. §§ 8105, 8107.

14.     Section 8107 requires that applications be accompanied by a certification by "3 reputable citizens of the State" of the following:

> **1. Residence.** That the reputable citizen resides in the community in which the applicant resides, has a place of business or proposes to conduct the applicant's private investigation business;
> **2. Knowledge of applicant.** That the reputable citizen has personally known the applicant for at least 3 years;
> **3. Relation to applicant.** That the reputable citizen is not related to the applicant by blood or marriage;
> **4. Character of applicant.** That the applicant is honest and of good moral character; and
> **5. Truth of statements in application.** That the reputable citizen has read the application and believes each statement in it to be true.

32 M.R.S. § 8107.

15.     Realistically, someone who is not a Maine resident will have a much more difficult time meeting the requirements of Section 8107 than someone who is a Maine resident.

16.     Plaintiff is not yet a Maine resident. He seeks to move to Maine, but because he is not a Maine resident does not currently know Maine residents who can provide the required certifications.

17.     Plaintiff has professional references in South Carolina, his current state of licensure, but those references do not satisfy Section 8107's requirement to provide certifications by "3 reputable citizens of the State."

18.     As a result, Plaintiff cannot qualify for licensure in Maine.

19. The residency-based certification requirement bears no substantial relationship to competency, qualifications, or fitness to practice as a private investigator.

20. The statute discriminates against nonresidents and newly arriving residents by denying them equal access to the occupation of private investigation.

21. Plaintiff has refrained from relocating to Maine because he is constructively barred from obtaining a license under the current statutory scheme.

22. Plaintiff is harmed from the inability to pursue his chosen profession in Maine.

### COUNT I - Violation of the Dormant Commerce Clause

23. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

24. The U.S. Constitution prohibits state laws that discriminate against citizens of other states. "[D]iscrimination simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. If a restriction on commerce is discriminatory, it is virtually *per se* invalid." *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 99 (1994). *See also, e.g., Fulton Corp. v. Faulkner*, 516 U.S. 325, 331 (1996); *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S.Ct. 2449, 2461 (2019) ("[I]f a state law discriminates against . . . nonresident actors, the law can be sustained only on a showing that it is narrowly tailored to advance a legitimate local purpose." (alterations and quotation marks omitted)).

25. Section 8107's Maine-resident certification requirement imposes a discriminatory burden on private investigators who do not live in Maine but want to move to Maine and continue working as private investigators in Maine.

26.     To the extent the government has an interest in maintaining standards of good character and competency for private investigators, *see Gray v. Dep't of Pub. Safety*, 2021 ME 19, ¶ 34, 248 A.3d 212, such an interest could be equally served by requiring certification from three residents in an applicant's current state of licensure, or some similar requirement.

27.     Plaintiff is harmed by the inability to obtain a private investigator license and pursue his chosen profession in Maine.

28.     Because this is an action to enforce Plaintiff's constitutional rights brought pursuant to 42 U.S.C. § 1983, Plaintiff should receive his reasonable attorney fees incurred prosecuting this action. *See* 42 U.S.C. § 1988.

## COUNT II - Declaratory Judgment Act
## U.S. Const. Art. I, § 8, Cl. 3, 28 U.S.C. § 2201

29.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

30.     Plaintiff has taken the position that Section 8107's Maine-resident certification requirement violates the Dormant Commerce Clause of the United States Constitution and is thus unenforceable.

31.     The requirement directly harms Plaintiff.

32.     An actual controversy exists between Plaintiff and the State as to the constitutionality of the statute.

33.     Declaratory and injunctive relief are needed to resolve this dispute.

34.     Under 28 U.S.C. § 2201 the Court has the power to declare the rights of the parties.

## COUNT III - Violation of the Privileges and Immunities Clause

35.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

25446971.1

36. Because he is not a Maine resident, Plaintiff is unable to satisfy the requirements of Section 8107 and unable to practice his chosen profession in Maine.

37. Plaintiff has a fundamental right under the Privileges and Immunities Clause of Article IV of the United States Constitution to pursue his chosen profession.

38. Section 8107 discriminates against citizens of other states like Plaintiff with respect to a fundamental economic activity and lacks a substantial justification closely related to a legitimate state interest.

39. As a direct result of the State's enforcement of Section 8107, Plaintiff suffers loss of professional opportunity, economic harm and irreparable injury.

**WHEREFORE**, Plaintiff requests that this Court enter judgment:

A) declaring that Section 8107 violates the United States Constitution;

B) enjoining the State from enforcing Section 8107;

C) awarding attorney fees and costs to Plaintiff;

D) granting such other and further relief as the Court deems just and proper.

 /s/ Alexandra Harriman
Alexandra Harriman, Maine Bar No. 6172
Matthew Warner, Maine Bar No. 4823
Attorneys for Plaintiff Christopher Austin Stinecipher
Preti Flaherty Beliveau & Pachios LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
207.791.3000
aharriman@preti.com
mwarner@preti.com

March 13, 2026

25446971.1