## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

CHRISTOPHER AUSTIN STINECIPHER,

    Plaintiff,

       v.

MAINE DEPARTMENT OF PUBLIC SAFETY,
and MICHAEL J. SAUSCHUCK, in his official
capacity as Commissioner of the Maine
Department of Public Safety,

    Defendants.

Case No. 1:26-cv-00132-JAW

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD
## WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff Christopher Austin Stinecipher is entitled to judgment as a matter of law because 32 M.R.S. § 8107 violates both the dormant Commerce Clause and the Privileges and Immunities Clause of the U.S. Constitution. Section 8107 conditions receipt of a professional investigator license (which is required to work as a private investigator in Maine) on an applicant's ability to obtain certifications from "3 reputable citizens of the State" that have "personally known the applicant for at least 3 years." The statute operates as a residency-based bar to applying: unless an applicant has lived in Maine long enough to develop the required in-state relationships, he cannot satisfy the statutory prerequisites for licensure. Section 8107 therefore discriminates against nonresidents including Stinecipher, prevents Stinecipher from pursuing his occupation in Maine, and cannot be justified where reasonable nondiscriminatory alternatives exist. The Court should enter judgment in Stinecipher's favor, declare the Maine-citizen certification requirement unconstitutional, and enjoin Defendants from enforcing it.

25758575.1

**BACKGROUND**

Maine law makes it illegal to work as a professional investigator in Maine without a license. 32 M.R.S. § 8104. (Joint Stipulation of Facts ("Stip.") ¶ 1.) To obtain a license, an applicant must satisfy certain qualifications, including the requirements of 32 M.R.S. § 8107 which requires certifications from "3 reputable citizens of the State." 32 M.R.S. §§ 8105, 8107. (*Id.* ¶ 2.) Those citizens must certify, among other things, that they reside in the community where the applicant resides, has a place of business, or proposes to conduct business; that they have personally known the applicant for at least three years; that they are not related to the applicant; and that the applicant is honest and of good moral character. 32 M.R.S. § 8107. (*Id.*) Defendants administer and enforce this licensing regime. (*Id.* ¶ 8.)

Stinecipher currently resides in South Carolina and has never been a resident of Maine. (*Id.* ¶ 3.) He holds three active private investigator licenses issued by states other than Maine and has substantial professional experience in the field. (*Id.* ¶¶ 4–5.) Stinecipher seeks to obtain a professional investigator license in Maine but cannot because he doesn't live in Maine, and so he does not have three unrelated Maine residents, who he has known for three years, to provide the required certifications. (*Id.* ¶ 6.)

**ARGUMENT**

## I. Section 8107 Violates the Dormant Commerce Clause.

Under the dormant Commerce Clause, "if a state law discriminates against out-of-state goods or nonresident economic actors, the law can be sustained only on a showing that it is narrowly tailored to advance a legitimate local purpose." *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 518 (2019) (cleaned up). "The plaintiff bears the

2

initial burden of showing discrimination, but the state . . . bears the burden of identifying legitimate local purposes and establishing a lack of non-discriminatory alternatives." *Ne. Patients Grp. v. Maine Dep't of Admin. & Fin. Servs.*, 554 F. Supp. 3d 177, 181 (D. Me. 2021).

Section 8107 discriminates against out-of-state residents because it operates as a de facto residency requirement. "[D]iscrimination simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 99 (1994). The statute ties eligibility for licensure to an applicant's ability to obtain endorsements from Maine citizens who have known the applicant for at least three years and reside in the relevant community. That condition can realistically be met only by individuals who have lived in Maine long enough to form and maintain the required local relationships. Nonresidents, by contrast, will not have spent years cultivating relationships with unrelated Maine citizens in the relevant community and therefore cannot satisfy the statute.

The licensing process therefore does not merely favor Maine residents or place nonresidents at some incidental disadvantage. It excludes out-of-state applicants unless they first move to Maine and spend years establishing the required in-state relationships. That is the functional equivalent of a residency requirement. The law is discriminatory on its face or in practical effect, and the burden falls on the State to demonstrate both that the statute serves a legitimate local purpose and that this purpose could not be served as well by available nondiscriminatory means. *Maine v. Taylor*, 477 U.S. 131, 138 (1986).

Although the State may have an interest in maintaining standards of good character for professional investigators, *see Gray v. Dep't of Pub. Safety*, 2021 ME 19, ¶ 34, 248 A.3d

25758575.1

212, the State cannot justify the discrimination in Section 8107 because obvious nondiscriminatory alternatives exist. If the objective is to assess character and fitness, the State could do so through references from employers or other licensed professionals, verification of out-of-state licenses, background checks, or similar tools.

Indeed, many states regulate the same or similar profession using reference requirements untethered to residency. For example, in Kansas, applicants for a private detective license must submit "a certificate of reference signed by five or more reputable persons who have known the applicant for a period of at least 5 years." Kan. Stat. Ann. § 75-7b04(b). Like Maine's statute, these people must have known the applicant for some time, must not be related to the applicant, and must vouch for the applicant's character. *See id.* Unlike Section 8107, however, there is no unconstitutional requirement that the person providing the reference be a resident of Kansas.[1] Under Kansas's statute, that state can properly evaluate an applicant's character and fitness without discriminating based on residency. *See Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 540 (2019) (determining that states can thoroughly investigate applicants without residency requirements, such as by utilizing criminal background checks).

---

[1] *Accord, e.g.*, 46 La. Admin. Code Pt LIX,  203(A)(7)(i) (requiring "letters attesting to good moral character from three reputable individuals, not related by blood or marriage, who have known the applicant(s) or qualifying agent for at least five years"); Minn. Stat. Ann. § 326.3382(Subd. 2)(1) (requiring "references . . . from five persons who have known the signer for at least five years, and who are not related by blood or marriage to the signer"); N.H. Rev. Stat. Ann. § 106-F:5(III) (requiring "the names of at least 3 unrelated persons to whom inquiry can be made concerning the applicant's character as to integrity and reputation for honesty"); N.C. Gen. Stat. Ann. § 74C-8(b)(5) (requiring "The names of not less than three unrelated and disinterested persons as references of whom inquiry can be made as to the character, standing, and reputation of the persons making the application."); Or. Rev. Stat. Ann. § 703.425(2)(d) (requiring "Three professional references, none of which may be from a person who is related to the applicant by blood or marriage").

4

If Maine "desires to scrutinize its applicants thoroughly, as is its right, it can devise nondiscriminatory means" to do so. *Id.* at 541. The State could accept references from the applicant's previous employers, other licensed investigators, or professional colleagues— just as other states do. In this case, Stinecipher holds three active private investigator licenses in other jurisdictions and has years of professional experience in the field. (Stip. ¶¶ 4, 5.) The choice to require references specifically from Maine citizens is not necessary to achieve any legitimate objective. It is protectionist and violates the dormant Commerce Clause.

## II.    <u>Section 8107 Violates the Privileges and Immunities Clause.</u>

The Privileges and Immunities Clause "prevent[s] a State from imposing unreasonable burdens on citizens of other States in their pursuit of common callings within the State." *Piper v. Supreme Ct. of New Hampshire*, 723 F.2d 110, 112 (1st Cir. 1983) (quotation marks omitted). It protects an individual's right to pursue a livelihood in a State other than his own. *Id. See also Supreme Ct. of New Hampshire v. Piper*, 470 U.S. 274, 280 (1985) (stating that the Supreme Court "repeatedly has found that one of the privileges which the Clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that State.") (quotation marks omitted). Stinecipher's right, as a South Carolina resident, to pursue his occupation as a private investigator in Maine is protected under the Privileges and Immunities Clause. *See, e.g., Silver v. Garcia*, 760 F.2d 33, 36 (1st Cir. 1985) ("the ability of a citizen of one state to act as an insurance consultant in another state must be considered a fundamental right or privilege protected by the privileges and immunities clause").

5

Under the Privileges and Immunities Clause, where a law discriminates against nonresidents, the state must show (1) a substantial reason for the difference in treatment; and (2) the discrimination practiced against nonresidents bears a substantial relationship to the state's objective. *Id.* at 38. Defendants cannot make that showing.

First, "for there to be a substantial reason for the difference in treatment, nonresidents must be shown to constitute a peculiar source of the evil at which the statute is aimed." *Id.* (quotation marks omitted). Even if the statute is aimed at determining whether an applicant possesses the requisite character and fitness, the inquiry must be "directed at whether those evils are categorically traceable to nonresidents." *Piper*, 723 F.2d at 116. There is no reason to think that nonresident applicants for professional investigator licenses are less honest, less qualified, or otherwise more likely to pose risks than Maine residents. To the contrary, here Stinecipher is already licensed in multiple jurisdictions and has significant professional experience. (Stip. ¶¶ 4–5.) Nothing about his nonresidency renders him a "peculiar source" of any concerns the statute may purport to address. What Section 8107 actually does is treat applicants without longstanding Maine residency and Maine-based relationships as categorically ineligible to apply, even though those facts say nothing meaningful about an applicant's character or competence.

Second, even if Defendants could articulate a substantial interest, requiring certifications from Maine citizens who have known the applicant for years is not closely tailored to that objective. "In deciding whether the discrimination bears a close or substantial relationship to the State's objective, the Court has considered the availability of less restrictive means." *Silver*, 760 F.2d at 38 (quotation marks omitted). As discussed above, requiring certifications from Maine citizens does not materially advance the goal of

6

maintaining good character for professional investigators. What matters for character assessment is familiarity with the applicant, not residency in Maine. A certification from a longtime employer, colleague, or licensed investigator in another state is at least as probative of honesty and competence as a certification from someone who happens to satisfy Maine's residency-based relationship requirement. There is no "substantial relationship" here. Section 8107 violates the Privileges and Immunities Clause.

**CONCLUSION**

Section 8107 imposes a residency-based barrier that excludes nonresidents unless they first establish in-state residency and relationships over time. It violates both the dormant Commerce Clause and the Privileges and Immunities Clause. Stinecipher requests that the Court enter judgment in his favor, declare the statute unconstitutional, and enjoin enforcement. And because this is an action to enforce Stinecipher's constitutional rights brought pursuant to 42 U.S.C. § 1983, Stinecipher should receive his reasonable attorney fees incurred prosecuting this action. *See* 42 U.S.C. § 1988.

Dated at Portland, Maine this 15th day of June, 2026.

Respectfully submitted,

/s/ *Alexandra Harriman*
Alexandra Harriman, Esq.
Matthew Warner, Esq.
Preti Flaherty Beliveau & Pachios LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207)791-3000
aharriman@preti.com
mwarner@preti.com
*Counsel for Plaintiff*

7

25758575.1